GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
GEORGE A. NICOUD III, SBN 106111
RACHEL S. BRASS, SBN 219301
REBECCA JUSTICE LAZARUS, SBN 227330
One Montgomery Street, Suite 3100
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
Email: JSanders@gibsondunn.com
        TNicoud@gibsondunn.com
        RBrass@gibsondunn.com
        RJustice@gibsondunn.com

Attorneys for Defendants
MATSON NAVIGATION COMPANY, INC.
AND ALEXANDER & BALDWIN, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CURTIS BRUNK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MATSON NAVIGATION COMPANY, INC.; ALEXANDER & BALDWIN, INC.; and HORIZON LINES, LLC,<br><br>Defendants. | Case No. CV 08-03010 VRW<br><br>**DECLARATION OF JOEL S. SANDERS IN SUPPORT OF STIPULATION TO VACATE DEADLINES SET IN MAGISTRATE JUDGE ZIMMERMAN'S JUNE 18, 2008 ORDER** |

I, Joel S. Sanders, declare as follows:

1.      I am a partner at Gibson, Dunn & Crutcher LLP and am counsel to defendants Matson Navigation Company, Inc. and Alexander & Baldwin, Inc. in this case.  I make this declaration on personal knowledge and I could and would competently testify to the following matters if called to do so.

2.      On information and belief, Plaintiff Curtis Brunk filed the Complaint in this action on June 18, 2008.

3.     This case is one of at least twenty-three purported class action lawsuits filed to date in five federal courts across the country and containing nearly identical allegations regarding a purported price-fixing conspiracy among various members of the Pacific Ocean Cabotage industry.

4.     By Transfer Order dated August 13, 2008, the Judicial Panel on Multidistrict Litigation (the "JPML") granted a motion to coordinate and consolidate pretrial proceedings pursuant to 28 U.S.C. § 1407 in the matter *In Re: Hawaiian and Guamanian Cabotage Antitrust Litigation*, MDL No. 1972.  *See* Exhibit A ("Transfer Order").

5.     *Steinberg v. Matson Navigation Co., et. al.*, C 08-02402 VRW (N.D. Cal.), an action assigned to this Court, was one of the actions transferred to the Western District of Washington pursuant to the JPML's August 13, 2008 Order.

6.     *Brunk v. Matson Navigation Company, et. al.*, C 08-03010 BZ (N.D. Cal.), was identified as a potential tag-along action in MDL No. 1972.

7.     By Conditional Transfer Order dated August 25, 2008, the JPML conditionally transferred the *Brunk* action to the Western District of Washington pursuant to 28 U.S.C. § 1407. *See* Exhibit B ("Conditional Transfer Order").

8.     By Related Case Order dated August 20, 2008, this Court determined that the *Brunk* action is related to the *Steinberg* action, and reassigned the case to Chief Judge Vaughn R. Walker accordingly.  *See* Exhibit C ("Related Case Order").

9.     On June 18, 2008, Judge Bernard Zimmerman issued an Order Setting Initial Case Management Conference and ADR Deadlines in *Brunk* that set September 1, 2008 as the deadline for engaging in a meet and confer session regarding initial disclosures, early settlement, the ADR process selection, and a discovery plan; the filing of an ADR certification; and the filing of either an ADR Stipulation or a Notice of Need for an ADR Phone Conference.  *See* Exhibit D ("Order Setting Initial Case Management Conference and ADR Deadlines").[1]

---

[1]     The June 18 Order also set September 15, 2008 as the deadline for filing a Rule 26(f) Report, completing initial disclosures, and filing a Case Management Report; and scheduled an Initial Case Management Conference for September 22, 2008.  Pursuant to this Court's August 20

2

1    10.    All parties anticipate that the JPML's transfer to the Western District of

2  Washington of the *Steinberg*, *Brunk* and the other Related Actions filed in the Northern District of

3  California will soon be completed.

4    11.    Plaintiff anticipates the possibility of a Consolidated Complaint or Complaints in

5  the Hawaiian and Guamanian Cabotage Antitrust Litigation once the Related Actions have been

6  transferred under MDL 1972 and the plaintiffs in the Related Actions have had an opportunity to

7  organize.

8    12.    Because this case will soon be transferred to the Western District of Washington

9  for consolidated pretrial proceedings, all parties to this action agree that the meet and confer,

10  settlement and ADR deadlines contained in the June 18, 2008 Order Setting Initial Case

11  Management Conference and ADR Deadlines should be vacated pending action by the Transferee

12  Court in the Western District of Washington and can foresee no negative consequences for the

13  schedule for the case.

14    I declare under penalty of perjury that the foregoing is true and correct and that this

15  declaration was executed on the 29th day of August, 2008, at San Francisco, California.

16

17    _____
      /s/
      Joel S. Sanders

18  100506054_5.DOC

19

20

21

22

23

24

25

26

27  _____
    Related Case Order, however, the case management conference will be rescheduled and the

28  related deadlines adjusted accordingly.  *See* Exhibit B.

3

# EXHIBIT A

UNITED STATES<br>
JUDICIAL PANEL ON<br>
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**<br>
on<br>
**MULTIDISTRICT LITIGATION**

**Aug 13, 2008**

FILED<br>
CLERK'S OFFICE

**IN RE: HAWAIIAN AND GUAMANIAN CABOTAGE**<br>
**ANTITRUST LITIGATION**

MDL No. 1972

**IN RE: HAWAIIAN CABOTAGE**<br>
**ANTITRUST LITIGATION**

MDL No. 1970

**TRANSFER ORDER**

**Before the entire Panel**: Before the Panel are two dockets involving antitrust allegations against providers of cabotage services to and from Hawaii (the Hawaii actions) and Guam (the Guam action).[1]  In MDL No. 1970, plaintiff in one Northern District of California action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the Hawaii actions in the Northern District of California.  In MDL No. 1972, plaintiff in the Central District of California actions has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the Hawaii actions and the Guam action in the Northern District of California.

Two Northern District of California plaintiffs and the District of Hawaii potential tag-along plaintiff support centralization of the Hawaii actions in the Northern District of California and the District of Hawaii, respectively, but they oppose inclusion of the Guam action in MDL proceedings. The MDL No. 1970 movant and plaintiffs in the District of Oregon action and the Western District of Washington potential tag-along actions support coordination of the Guam action with the MDL proceedings, but not consolidation, in one or more of the following districts: the Northern District of California, the Western District of Washington, or the District of Oregon.  Plaintiff in one Northern District of California potential tag-along action supports centralization of all actions in the Northern District of California.  Defendants support centralization of all actions in the Western District of Washington.

MDL No. 1970 currently consists of four actions listed on Schedule A and pending in two districts, three actions in the Northern District of California and one action in the District of Oregon. In addition to these four actions, MDL No. 1972 currently consists of two more actions listed on Schedule B and pending in the Central District of California.[2]

---

[1]  At the hearing session in these two dockets, the Panel heard combined oral argument. Accordingly, the overlapping issues raised in these dockets are addressed in this one order.

[2]  The Panel has been notified that fourteen other related actions have been filed as follows: seven actions in the Northern District of California, five actions in the Western District of Washington, and one action each in the Central District of California and the District of Hawaii.  These actions will

(continued...)

-2-

On the basis of the papers filed and hearing session held, we find that all of the actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are brought against nearly identical defendants that are competitors in both trade routes and are alleged to have conspired to fix prices along both trade routes. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs opposed to the inclusion of the Guam action argue, *inter alia*, that (1) the Hawaii trade route is very different from the Guam trade route in terms of the amount of trade and the distance from the mainland; and (2) the Jones Act, 46 U.S.C. § 100, *et seq.*, applies differently to the two routes. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. While the trade routes have their differences, common defendants control the majority of trade to and from both Guam and Hawaii, and it is likely that factual issues and discovery regarding defendants' alleged conspiracy to fix prices of cabotage services in both markets will overlap.

We are presented with several reasonable choices for the transferee district. However, Judge Vaughn R. Walker of the Northern District of California already has two current MDLs assigned to him. We are persuaded that the Western District of Washington is the most appropriate transferee forum for this litigation. Various plaintiffs along with the defendants favor transfer there. Moreover, Judge Thomas S. Zilly has the time and experience to prudently steer this litigation.

IT IS THEREFORE ORDERED that the motion for centralization of only the Hawaii actions in MDL No. 1970 (Schedule A) is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule B, encompassing MDL No. 1972, are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Thomas S. Zilly for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 1972, originally named *In re Pacific Ocean Cabotage Antitrust Litigation*, is renamed as follows: *In re Hawaiian and Guamanian Cabotage Antitrust Litigation*.

---

[2](...continued)
be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-3-

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz          Robert L. Miller, Jr.
Kathryn H. Vratil          David R. Hansen

**IN RE: HAWAIIAN CABOTAGE ANTITRUST
LITIGATION**                                    MDL No. 1970

## SCHEDULE A

<u>Northern District of California</u>

Robert H. Steinberg v. Matson Navigation Co., et al., C.A. No. 3:08-2402
Acutron, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 3:08-2600
50th State Distributors, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 3:08-2603

<u>District of Oregon</u>

Versa Dock Hawaii, LLC v. Horizon Lines, LLC, et al., C.A. No. 3:08-631

**IN RE: HAWAIIAN AND GUAMANIAN CABOTAGE
ANTITRUST LITIGATION**                                    MDL No. 1972

## SCHEDULE B

### Central District of California

Taste of Nature, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 2:08-3073
Taste of Nature, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 2:08-3650

### Northern District of California

Robert H. Steinberg v. Matson Navigation Co., et al., C.A. No. 3:08-2402
Acutron, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 3:08-2600
50th State Distributors, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 3:08-2603

### District of Oregon

Versa Dock Hawaii, LLC v. Horizon Lines, LLC, et al., C.A. No. 3:08-631

# EXHIBIT B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 5 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: HAWAIIAN AND GUAMANIAN CABOTAGE
ANTITRUST LITIGATION**                                **MDL No. 1972**

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-1)

On August 13, 2008, the Panel transferred six civil actions to the United States District Court for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Thomas S. Zilly.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Western District of Washington and assigned to Judge Zilly.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Western District of Washington for the reasons stated in the order of August 13, 2008, and, with the consent of that court, assigned to the Honorable Thomas S. Zilly.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Western District of Washington. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: HAWAIIAN AND GUAMANIAN CABOTAGE**
**ANTITRUST LITIGATION**                                    MDL No. 1972

### SCHEDULE CTO-1 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

CALIFORNIA CENTRAL
  CAC  2    08-5018       Next Transportation, LLC v. Matson Navigation Co., Inc., et al.

CALIFORNIA NORTHERN
  CAN  3    08-3010       Curtis Brunk v. Matson Navigation Co., Inc., et al.
  CAN  3    08-3169       Winkler Woods, LLC v. Matson Navigation Co., Inc., et al.
  CAN  3    08-3246       Joshua Wagner v. Horizon Lines, Inc., et al.
  CAN  3    08-3537       E&M International Transport, Inc. v. Horizon Lines, Inc., et al.
  CAN  3    08-3597       TJ Gomes Trucking Co., Inc. v. Matson Navigation Co., Inc., et al.
  CAN  3    08-3629       Laura Cutler v. Matson Navigation Co., Inc., et al.
  CAN  4    08-3558       SJ Venture Group, LLC v. Matson Navigation Co., Inc., et al.

HAWAII
  HI    1    08-298       Rhythm of Life Cosmetics, Inc., etc. v. Matson Navigation Co., Inc., et al.

**RULE 5.2:**    **SERVICE OF PAPERS FILED**

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

## RULE 7.4:     CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)     Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)     Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)     Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)     Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)     Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)     Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

## RULE 7.5:     MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)     Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)     Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)     Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)     A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)     Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

IN RE: HAWAIIAN AND GUAMANIAN CABOTAGE
ANTITRUST LITIGATION                                              MDL No. 1972

## INVOLVED COUNSEL LIST (CTO-1)

Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street
Suite 3160
San Francisco, CA 94104

Arthur N. Bailey
COHEN MILSTEIN HAUSFELD & TOLL PLLC
One Embarcadero Center
Suite 2440
San Francisco, CA 94111

Rachel S. Brass
GIBSON DUNN & CRUTCHER LLP
One Montgomery Street
Suite 3100
San Francisco, CA 94104-4505

Benjamin Doyle Brown
COHEN MILSTEIN HAUSFELD & TOLL PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3934

Christopher M. Burke
SCOTT & SCOTT LLP
600 B Street
Suite 1500
San Diego, CA 92101-3301

Carlyle Group
1001 Pennsylvania Avenue, NW
Suite 220
Washington, DC 20004

Craig C. Corbitt
ZELLE HOFMANN VOELBEL MASON &
GETTE LLP
44 Montgomery Street
Suite 3400
San Francisco, CA 94104-4807

John S. Edmunds
EDMUNDS & VERGA
Davies Pacific Center
Suite 2104
841 Bishop Street
Honolulu, HI 96813-3945

John Charles Evans
SPECTER SPECTER EVANS & MANOGUE PC
Koppers Bulding
436 Seventh Avenue
26th Floor
Pittsburgh, PA 15219

Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street
Suite 400
San Francisco, CA 94104

Seth R. Gassman
COHEN MILSTEIN HAUSFELD & TOLL PLLC
150 East 52nd Street
30th Floor
New York, NY 10022

Daniel C. Girard
GIRARD GIBBS LLP
601 California Street
14th Floor
San Francisco, CA 94108

Ruthanne Gordon
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103-6365

Jason Hartley
ROSS DIXON & BELL LLP
2001 K Street, N.W.
Washington, DC 20006-1040

**MDL No. 1972 - Involved Counsel List (CTO-1) (Continued)**

Brian S. Kabateck
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017

Jon T. King
COHEN MILSTEIN HAUSFELD & TOLL PLLC
One Embarcadero Center
Suite 2440
San Francisco, CA 94111

Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015

Gilmur Roderick Murray
MURRAY & HOWARD LLP
436 14th Street
Suite 1413
Oakland, CA 94612

William Timothy Needham
JANSSEN MALLOY NEEDHAM MORRISON &
REINHOLTSEN
730 Fifth Street
Post Office Drawer 1288
Eureka, CA 95502

Linda P. Nussbaum
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
14th Floor
New York, NY 10022

Richard J. Rappaport
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-7567

Joel Steven Sanders
GIBSON DUNN & CRUTCHER LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104

Guido Saveri
SAVERI & SAVERI INC
111 Pine Street
Suite 1700
San Francisco, CA 94111

Harry Shulman
MILLS LAW FIRM
880 Las Gallinas Avenue
Suite 2
San Rafael, CA 94903

Norman E. Siegel
STUEVE SIEGEL HANSON LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112

Bruce L. Simon
PEARSON SIMON SOTER WARSHAW &
PENNY LLP
44 Montgomery Street
Suite 1430
San Francisco, CA 94104

Eugene A. Spector
SPECTOR ROSEMAN & KODROFF PC
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Gary Stein
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10038

Steven N. Williams
COTCHETT PITRE & MCCARTHY
840 Malcolm Road
Suite 200
Burlingame, CA 94010

# EXHIBIT C

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

### RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

C 08-02402 VRW     Steinberg et al v. Matson Navigation Company. Et al

C 08-03010 BZ     Brunk v. Matson Navigation Company, Inc. Et al

        I find that the above case is related to the case assigned to me.  X

C 08-03246 MEJ     Wagner v. Horizon Lines, Inc. Et al

        I find that the above case is related to the case assigned to me.  X

C 08-03537 MEJ     E&M International Transport, Inc. V. Horizon Lines, Inc. Et al

        I find that the above case is related to the case assigned to me.  _X__

C 08-03558 WDB     SJ Venture Group, LLC v. Matson Navigation Company, Inc. Et al

        I find that the above case is related to the case assigned to me.  _X_

C 08-03597 JL     TJ Gomes Trucking Company, Inc. V. Matson Navigation Company Inc. Et al

        I find that the above case is related to the case assigned to me.  _X__

C 08-03629 JL     Cutler v. Matson Navigation Co. Inc. Et al

        I find that the above case is related to the case assigned to me.  _X_

## ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated: 8/20/2008

_____
Vaughn R. Walker, U.S. District Chief Judge

## CERTIFICATE OF SERVICE

I certify that on the date stated below, I lodged a copy of this order with each judicial officer and I mailed a copy to each counsel of record or *pro se* party in the cases listed above.

Richard W. Wieking, Clerk

DATED: 8/20/2008

By: _____
Deputy Clerk

Copies to:   Courtroom Deputies x
             Case Systems Administrators x
             Counsel of Record x
Entered into Assignment Program: _____(date)

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CURTIS BRUNK,

    Plaintiff (s),

        v.

MATSON NAVIGATION CO,
        Defendant(s).

No. **C 08-03010 BZ**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Bernard Zimmerman. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/18/2008 | Complaint filed | |
| 9/1/2008 | Last day to: <ul><li>meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan</li></ul> | FRCivP 26(f) & ADR L.R.3-5 |
| | <ul><li>file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov)</li></ul> | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | <ul><li>file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov)</li></ul> | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 9/15/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R. 16-9 |
| 9/22/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm G, 15th Floor, SF at 4:00 PM | Civil L.R. 16-10 |

**(Rev. 01/2002)**

## STANDING ORDERS

1.    Within 30 days of filing a complaint, plaintiff shall serve and file either a written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for reassignment to a district judge.  Within 30 days of being served with a complaint or third party complaint, a defendant or third party defendant shall serve and file either a written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for reassignment to a district judge.

2.    Civil law and motion is heard on the first and third Wednesdays of every month at 10:00 a.m.  Criminal law and motion is heard on the second and fourth Wednesdays of every month at 1:30 p.m.

3.    A copy of any brief or other document containing a legal citation **shall** be submitted to chambers on a diskette formatted preferably in WordPerfect 5, 6, 8 or 9.  A chambers copy of any document **may** be submitted on CD-ROM with hypertext links to exhibits.

4.    Any proposed order in a case subject to electronic filing shall be sent by e-mail to:  bzpo@cand.uscourts.gov.  This address is to be used only for proposed orders unless otherwise directed by the court.

5.    Unless expressly requested by the Court, documents should **not be faxed** to chambers but should be filed or lodged in accordance with the Local Rules of Court. The Court should not be routinely copied on correspondence between counsel.

6.    Motions for **summary judgment** shall be accompanied by a statement of

the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts that the party contends are undisputed. A party who without substantial justification contends that a fact is in dispute is subject to sanctions.

7.    Parties are reminded that most procedural questions are answered in the Local Rules or these Standing Orders. Parties should not contact Chambers for answers to procedural questions. The Local Rules are available for public viewing at the Court's internet site - http://www.cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated:    January 16, 2002

BERNARD ZIMMERMAN
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.